1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  DANIEL TREGLIA,                    )    No. C 12-2522 LHK (PR)
                                       )
12              Plaintiff,             )    ORDER OF SERVICE;
                                       )    DIRECTING DEFENDANTS TO
13       v.                            )    FILE DISPOSITIVE MOTION OR
                                       )    NOTICE REGARDING SUCH
14  SCOTT KERNAN, et al.,              )    MOTION
                                       )
15              Defendants.            )
    _____)
16

17          Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights

18  action under 42 U.S.C. § 1983, against prison officials.  Plaintiff has been granted leave to

19  proceed in forma pauperis in a separate order.  For the reasons stated below, the Court will serve

20  the amended complaint.

21                              **DISCUSSION**

22  A.      Standard of Review

23          A federal court must conduct a preliminary screening in any case in which a prisoner

24  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

25  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

26  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

27  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

28  § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

1    *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2    B.    <u>Legal Claim</u>

3       Plaintiff is an inmate, currently housed in the Secured Housing Unit ("SHU") at Pelican

4 Bay State Prison ("PBSP").  On July 1, 2011, several inmates at PBSP began staging a hunger

5 strike to protest the conditions of PBSP SHU.  The following day, a memorandum was

6 distributed to the inmates, describing the effects that starvation has on a person, and stating that

7 refusing food was an inmate's right and choice.  On September 26, 2011, Plaintiff decided to join

8 the hunger strike in an effort to peacefully protest his dissatisfaction with the conditions at PBSP,

9 and exercise his right to free speech.  The following day, Defendant Lewis ordered officers to

10 distribute a memo, authored by Defendant Scott Kernan, that stated that the California

11 Department of Corrections and Rehabilitation would not tolerate organized inmate disturbances

12 such as hunger strikes or work stoppages, and that inmates who participated in such activities

13 would receive disciplinary action.  Plaintiff alleges that Defendants' threat of disciplinary action

14 was an adverse action taken because of his right to free speech, i.e., a protected conduct.

15 Liberally construed, Plaintiff states a cognizable claim of retaliation against Defendants Lewis

16 and Kernan.

17       Plaintiff also asserts a claim of deliberate indifference to his serious medical needs

18 against Defendant Nurse Smith.  On September 30, 2011, after Plaintiff had been participating in

19 the hunger strike for five days, his hunger was getting worse.  Plaintiff informed one officer and

20 two inmates that he was dry heaving, throwing up "yellow stuff," and that his pain and suffering

21 were increasing.  Defendant Nurse Smith was informed at least by these two inmates of

22 Plaintiff's condition, and Plaintiff himself begged for help, but Defendant Nurse Smith merely

23 replied, "he knows the outcome of not eating; it's not my problem," and "So damn what deal

24 with the shit, you put in a sick call slip, and eat your food, your not getting nothing tonight."

25 [Sic.]  Defendant Nurse Smith never came to check on Plaintiff.  Plaintiff submitted a sick call

26 slip that night, but it was ignored.  Plaintiff claims that he had a serious medical need, and,

27 liberally construing Plaintiff's complaint, Defendant Nurse Smith knew that Plaintiff faced a

28 substantial risk of harm but disregarded that risk.  Liberally construed, Plaintiff states a

1    cognizable claim of deliberate indifference.  The Court exercises supplemental jurisdiction over

2    the related state law claim.

3            Finally, Plaintiff claims that Defendants Bumby, James, and Anderson retaliated against

4    him, and violated Plaintiff's due process rights by creating a false disciplinary report, and finding

5    him guilty at a disciplinary hearing.  Plaintiff asserts that the guilty finding, based on the false

6    report, resulted in 90 days loss of credits.  "'Federal law opens two main avenues to relief on

7    complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a

8    complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.

9    Challenges to the lawfulness of confinement or to particulars affecting its duration are the

10   province of habeas corpus.'"  *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting

11   *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of

12   his confinement, however, may be brought under § 1983."  *Id.*  Habeas is the "exclusive remedy"

13   for the prisoner who seeks "'immediate or speedier release'" from confinement.  *Skinner v.*

14   *Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

15   Claims challenging the loss of good time credits affects the duration of his confinement, and

16   thus, are properly brought in a habeas petition.  *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th

17   Cir. 1997).  Moreover, Plaintiff may not obtain money damages for the allegedly unlawful

18   disciplinary sanctions that include the loss of time credits until and unless the sanctions have

19   been dismissed, invalidated or expunged on appeal or on collateral review.  *See Edwards v.*

20   *Balisok*, 520 U.S. 641, 645 (1997).  Consequently, the claims relating to Plaintiff's discipline and

21   resulting loss of credits will be DISMISSED without prejudice to re-raising them in the proper

22   manner, and at the proper time.

23                                    **CONCLUSION**

24           1.      Plaintiff's claims regarding retaliation and a violation of due process are

25   DISMISSED without prejudice.  Defendants W. Bumby, D. James, and J.C. Anderson are

26   DISMISSED from this action.

27           2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

28   Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended

1   complaint and all attachments thereto (docket no. 3), and a copy of this Order to

2   **Undersecretary Scott Kernan** at the **CDCR, Warden Greg Lewis** and **Nurse Smith, RN** at

3   **PBSP.**

4        The Clerk of the Court shall also mail a courtesy copy of the amended complaint and a

5   copy of this Order to the California Attorney General's Office.  Additionally, the Clerk shall

6   mail a copy of this Order to Plaintiff.

7        3.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

8   requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

9   Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

10  behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear

11  the cost of such service unless good cause is shown for their failure to sign and return the waiver

12  form.  If service is waived, this action will proceed as if Defendants had been served on the date

13  that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required

14  to serve and file an answer before **sixty (60) days** from the date on which the request for waiver

15  was sent.  (This allows a longer time to respond than would be required if formal service of

16  summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the

17  waiver form that more completely describes the duties of the parties with regard to waiver of

18  service of the summons.  If service is waived after the date provided in the Notice but before

19  Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date

20  on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is

21  filed, whichever is later.

22       4.     No later than **ninety (90) days** from the date of this order, Defendants shall file a

23  motion for summary judgment or other dispositive motion with respect to the cognizable claims

24  in the complaint.

25            a.     If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

26  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

27  Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

28  F.3d 1108, 1119-20 (9th Cir. 2003).

1            b.     Any motion for summary judgment shall be supported by adequate factual

2 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

3 Procedure. **Defendants are advised that summary judgment cannot be granted, nor**

4 **qualified immunity found, if material facts are in dispute. If Defendants are of the opinion**

5 **that this case cannot be resolved by summary judgment, they shall so inform the Court**

6 **prior to the date the summary judgment motion is due.**

7        5.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and

8 served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is

9 filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex*

10 *Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come

11 forward with evidence showing triable issues of material fact on every essential element of his

12 claim).

13        6.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after

14 Plaintiff's opposition is filed.

15        7.     The motion shall be deemed submitted as of the date the reply brief is due. No

16 hearing will be held on the motion unless the Court so orders at a later date.

17        8.     All communications by the Plaintiff with the Court must be served on Defendants

18 or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'

19 counsel.

20        9.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

21 No further Court order is required before the parties may conduct discovery.

22       10.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

23 and all parties informed of any change of address and must comply with the Court's orders in a

24 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

25 pursuant to Federal Rule of Civil Procedure 41(b).

26       IT IS SO ORDERED.

27 DATED: __9/6/12__

28                              LUCY H. KOH
                             United States District Judge