IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREGLIA,<br><br>           Plaintiff,<br><br>   v.<br><br>SCOTT KERNAN, et al.,<br><br>           Defendants. | No. C 12-2522 LHK (PR)<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION; AMENDED ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights action under 42 U.S.C. § 1983, against prison officials. On September 7, 2012, the Court found that Plaintiff stated cognizable claims of retaliation against Defendants Lewis and Kernan and deliberate indifference against Defendant Nurse Smith, and exercised its supplemental jurisdiction over Plaintiff's state law claims. The Court dismissed Plaintiff's retaliation and due process claims against Defendants Bumby, James, and Anderson. Plaintiff had alleged that Defendants Bumby, James, and Anderson retaliated against him, and violated Plaintiff's due process rights by creating a false disciplinary report, and finding him guilty at a disciplinary hearing. Because Plaintiff was requesting money damages for allegedly unlawful disciplinary sanctions that included the loss of time credits, the Court dismissed this claim without prejudice to Plaintiff's re-filing the claim once it had been dismissed, invalidated or expunged on appeal or on collateral review. *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997).

1   On September 24, 2012, Plaintiff filed a motion for a supplemental order, which the
2   Court construes as a motion for leave to file a motion for reconsideration.  So construed, the
3   motion is GRANTED.  In his motion, Plaintiff explains that his challenged loss of credits were
4   in fact restored, and the disciplinary write-up was expunged from his file, and thus, his claim is
5   properly brought before this Court.  The Court agrees, and issues this amended order of service.

## DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

### B.   Legal Claim

Plaintiff is an inmate, currently housed in the Secured Housing Unit ("SHU") at Pelican Bay State Prison ("PBSP").  On July 1, 2011, several inmates at PBSP began staging a hunger strike to protest the conditions of PBSP SHU.  The following day, a memorandum was distributed to the inmates, describing the effects that starvation has on a person, and stating that refusing food was an inmate's right and choice.  On September 26, 2011, Plaintiff decided to join the hunger strike in an effort to peacefully protest his dissatisfaction with the conditions at PBSP, and exercise his right to free speech.  The following day, Defendant Lewis ordered officers to distribute a memo, authored by Defendant Scott Kernan, that stated that the California Department of Corrections and Rehabilitation would not tolerate organized inmate disturbances such as hunger strikes or work stoppages, and that inmates who participated in such activities would receive disciplinary action.  Plaintiff alleges that Defendants' threat of disciplinary action was an adverse action taken because of his right to free speech, i.e., a protected conduct.

Liberally construed, Plaintiff states a cognizable claim of retaliation against Defendants Lewis and Kernan.

Plaintiff also asserts a claim of deliberate indifference to his serious medical needs against Defendant Nurse Smith. On September 30, 2011, after Plaintiff had been participating in the hunger strike for five days, his hunger was getting worse. Plaintiff informed one officer and two inmates that he was dry heaving, throwing up "yellow stuff," and that his pain and suffering were increasing. Defendant Nurse Smith was informed at least by these two inmates of Plaintiff's condition, and Plaintiff himself begged for help, but Defendant Nurse Smith merely replied, "he knows the outcome of not eating; it's not my problem," and "So damn what deal with the shit, you put in a sick call slip, and eat your food, your not getting nothing tonight." [Sic.] Defendant Nurse Smith never came to check on Plaintiff. Plaintiff submitted a sick call slip that night, but it was ignored. Plaintiff claims that he had a serious medical need, and, liberally construing Plaintiff's complaint, Defendant Nurse Smith knew that Plaintiff faced a substantial risk of harm but disregarded that risk. Liberally construed, Plaintiff states a cognizable claim of deliberate indifference. The Court exercises supplemental jurisdiction over the related state law claim.

Finally, Plaintiff claims that Defendants Bumby, James, and Anderson retaliated against him, and violated Plaintiff's due process rights by creating a false disciplinary report, and finding him guilty at a disciplinary hearing. Plaintiff asserts that the guilty finding, based on the false report, resulted in 90 days loss of credits. Plaintiff has since had his credits restored and disciplinary sanctions expunged. Liberally construed, Plaintiff states cognizable claims of retaliation and due process against Defendants Bumby, James, and Anderson.

## CONCLUSION

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 3), and a copy of this Order to **Correctional Officer W. Bumby, Correctional Lieutenant D. James, and Correctional Lieutenant J.C.**

1 **Anderson** at **Pelican Bay State Prison.** Defendants Kernan, Lewis, and Smith were mailed
2 their Notices of Lawsuit and Requests for Waiver on September 17, 2012.  The Clerk of the
3 Court shall also mail a courtesy copy of this Order to the California Attorney General's Office.
4 Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5       2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
6 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
7 Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on
8 behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear
9 the cost of such service unless good cause is shown for their failure to sign and return the waiver
10 form.  If service is waived, this action will proceed as if Defendants had been served on the date
11 that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required
12 to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
13 was sent.  (This allows a longer time to respond than would be required if formal service of
14 summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the
15 waiver form that more completely describes the duties of the parties with regard to waiver of
16 service of the summons.  If service is waived after the date provided in the Notice but before
17 Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date
18 on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is
19 filed, whichever is later.

20       3. No later than **ninety (90) days** from the date of this order, Defendants shall file a
21 motion for summary judgment or other dispositive motion with respect to the cognizable claims
22 in the complaint.

23       a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff
24 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
25 Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
26 F.3d 1108, 1119-20 (9th Cir. 2003).

27       b. Any motion for summary judgment shall be supported by adequate factual
28

Order Granting Motion for Reconsideration; Amended Order of Service; Directing Defendants to File Dispositive
Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Treglia522srv.wpd    4

1  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
2  Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**
3  **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**
4  **that this case cannot be resolved by summary judgment, they shall so inform the Court**
5  **prior to the date the summary judgment motion is due.**

6        4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and
7  served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is
8  filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex*
9  *Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come
10 forward with evidence showing triable issues of material fact on every essential element of his
11 claim).

12       5.     Defendants shall file a reply brief no later than **fourteen (14) days** after
13 Plaintiff's opposition is filed.

14       6.     The motion shall be deemed submitted as of the date the reply brief is due.  No
15 hearing will be held on the motion unless the Court so orders at a later date.

16       7.     All communications by the Plaintiff with the Court must be served on
17 Defendants' counsel, by mailing a true copy of the document to Defendants' counsel.

18       8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
19 No further Court order is required before the parties may conduct discovery.

20       9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
21 and all parties informed of any change of address and must comply with the Court's orders in a
22 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
23 pursuant to Federal Rule of Civil Procedure 41(b).

24     This order terminates docket number 10.
25     IT IS SO ORDERED.
26 DATED: _11/7/12_

                                                LUCY H. KOH
27                                                 United States District Judge
28