1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   DANIEL TREGLIA,                    )        No. C 12-2522 LHK (PR)
                                        )
12            Plaintiff,                )        ORDER ADDRESSING
                                        )        PLAINTIFF'S PENDING
13      v.                              )        MOTIONS
                                        )
14                                      )
     SCOTT KERNAN, et al.,              )
15                                      )
              Defendants.               )        (Docket Nos. 21, 24, 37, 39, 40)
16   _____)

17        Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights

18   action under 42 U.S.C. § 1983, against prison officials.  In its amended order of service, the

19   Court determined that Plaintiff stated cognizable claims of retaliation against Defendants Lewis

20   and Kernan; deliberate indifference to his serious medical needs against Defendant Nurse Smith;

21   and retaliation and due process against Defendants Bumby, James, and Anderson.  Pending

22   before the Court are Plaintiff's motion for leave to amend his complaint; motion for entry of

23   default against Defendants Kernan and Smith; motion for entry of default against Defendants

24   Bumby, James, and Anderson; motion to stay proceedings pending disposition of uncooperative

25   Defendants' answer; and motion for contempt order against Defendants.

26                                    **DISCUSSION**

27   A.      Motion for Leave to Amend Amended Complaint

28        Plaintiff requests that Inmate Gerardo Reyes be permitted to join this action as an

additional plaintiff.  Generally, to join together in one action, plaintiffs must meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all plaintiffs will arise in the action.  Fed. R. Civ. P. 20(a)(1); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  However, actions brought by multiple *pro se* prisoners present unique problems not presented by ordinary civil litigation.  For example, transfer of one or more plaintiffs to different institutions or release on parole, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and confusion.  Further, the need for both plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of both plaintiffs will lead to further delay and confusion.

In addition, the interplay of the filing fee provisions in the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may not bring multi-plaintiff actions, but rather must each proceed separately.  To proceed with a civil action each plaintiff must pay the $350 filing fee required or request leave to proceed in forma pauperis and submit the affidavit and trust account statement, as required by 28 U.S.C. § 1915(a).  The PLRA expressly requires that a prisoner, where proceeding in forma pauperis, pay the full amount of the filing fee.  28 U.S.C. § 1915(b)(1).  This provision reflected Congress's intent to reduce the volume of frivolous prisoner litigation in the federal courts.  *Hubbard v. Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001).  In order not to undermine the PLRA's deterrent purpose, courts have agreed that prisoner-plaintiffs who proceed together in one action must each pay the full filing fee.  *See, e.g.*, *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard*, 262 F.3d at 1197-98. However, 28 U.S.C. § 1915(b)(3) provides that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action."  If multiple prisoners were permitted to proceed with a joint action, and each paid the full filing fee in accordance with § 1915(b)(1) and the apparent intent of Congress, the amount of fees collected would exceed the amount permitted by statute for commencement of the action, in violation of § 1915(b)(3).

1    To avoid the problems related to case-management and filing fees, the request to amend

2    the amended complaint to include the permissive joinder of Inmate Gerardo Reyes in this action

3    is DENIED.

4    B.    Requests for Default

5        On December 28, 2012, Plaintiff filed a request for entry of default against Defendants

6    Kernan and Smith.  On March 4, 2013, Plaintiff filed a request for entry of default against

7    Defendants Bumby, James, and Anderson.  At the present time, all Defendants have appeared

8    and waived their right to file an answer, pursuant to 42 U.S.C. § 1997e(g), except for Defendant

9    Smith.  More importantly, it is well-settled law that the grant or denial of a motion for the entry

10   of a default judgment is within the discretion of the district court.  *Lau Ah Yew v. Dulles*, 236

11   F.2d 415, 416 (9th Cir. 1956) (per curiam).  In his motion, Plaintiff has failed to demonstrate any

12   prejudice from Defendants' delay in appearing in this action.  *See Eitel v. McCool*, 782 F.2d

13   1470, 1471-72 (9th Cir. 1986) (setting forth factors to be considered in exercising discretion to

14   enter default judgment); *see also Lau Ah Yew*, 236 F.2d at 416 (upholding denial of motion for

15   entry of default judgment where answer was not timely).   Because Plaintiff does not explain

16   how he was prejudiced because of Defendants' delay in responding, and because the Court

17   recognizes the policy that "[c]ases should be decided upon their merits whenever reasonably

18   possible," Plaintiff's requests for the entry of a default judgment are DENIED as to Defendants

19   Kernan, Bumby, James and Anderson.  *Eitel*, 782 F.2d at 1472.  As to Defendant Smith, the

20   docket shows that she has still not yet been served.  Accordingly, any request for entry of default

21   against Defendants Smith is premature, and DENIED.  Plaintiff's motion to stay the proceedings

22   pending resolution of the requests for default is DENIED as moot.  (Docket No. 39.)  Plaintiff's

23   motion for a contempt order against Defendants is DENIED.  (Docket No. 40.)

24                                        **CONCLUSION**

25       Plaintiff motion for leave to file an amended complaint is DENIED.  Plaintiff's requests

26   for default are DENIED.  Plaintiff's motion to stay the proceedings pending resolution of the

27   requests for default is DENIED as moot.  Plaintiff's motion for a contempt order against

28   Defendants is DENIED.

1     This order terminates docket numbers 21, 24, 37, 39, and 40.

2     IT IS SO ORDERED.

3  DATED: _____4/10/13_____

                                              LUCY H. KOH
4                                             United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Addressing Plaintiff's Pending Motions
G:\PRO-SE\SJ.LHK\CR.12\Treglia522pmtns.wpd          4