**FILED**

MAY 16 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL TREGLIA, | ) | No. C 12-2522 LHK (PR) |
| Plaintiff, | ) | ORDER OF SERVICE ON |
| | ) | DEFENDANT NURSE SMITH |
| v. | ) | |
| | ) | |
| SCOTT KERNAN, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights action under 42 U.S.C. § 1983, against prison officials at Pelican Bay State Prison. ("PBSP"). On September 7, 2012, the Court found that Plaintiff stated a cognizable claim of deliberate indifference against Defendant Nurse Smith and issued an order of service. (Docket No. 4.) On September 17, 2012, a notice of lawsuit and request for waiver of service of summons was mailed to Defendant Nurse Smith at PBSP. (Docket No. 8.) The litigation office technician at PBSP returned the documents sent to Defendant Nurse Smith because he was "unable to identify a 'Nurse Smith' as working at Pelican Bay State Prison." (Docket No. 47.) On April 10, 2013, the Court directed Plaintiff to provide more information regarding the whereabouts of Defendant Nurse Smith. (Docket No. 49.)

Plaintiff has filed a response to the Court's order to provide more information. (Docket No. 52.) Plaintiff provides that Defendant Nurse Smith is also known as "Mr. E. Smith." He further provides that Defendant Nurse Smith is a licensed vocational nurse ("LVN") who was

Order of Service on Defendant Nurse Smith
G:\PRO-SE\SJ.LHK\CR.12\Treglia522srv-smith.wpd

1   responsible for passing out medication to inmates on the Third Watch ("3W"), at PBSP-SHU, on

2   September 30, 2011. Based upon the additional information provided by Plaintiff for **Defendant**

3   **Nurse Smith**, the Court will issue an order of service upon him.

### CONCLUSION

5       1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

6   Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended

7   complaint (docket no. 3), all attachments thereto, the Court's Order dated September 7, 2012

8   (docket no. 4), the Court's Order dated November 8, 2012 (docket no. 11), and this order to

9   **Defendant Nurse Mr. E. Smith**, LVN at PBSP. The Clerk shall also mail a copy of this Order

10  to Plaintiff at Pelican Bay State Prison and Deputy Attorney General Michael James Quinn, at

11  the Attorney General's Office at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA

12  94102-7004.

13      2.    **Defendant Nurse Mr. E. Smith, LVN** is cautioned that Rule 4 of the Federal

14  Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the

15  summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and

16  asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, they

17  will be required to bear the cost of such service unless good cause be shown for the failure to

18  sign and return the waiver form. If service is waived, this action will proceed as if Defendant had

19  been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B),

20  Defendant will not be required to serve and file an answer before **sixty (60) days** from the date

21  on which the request for waiver was sent. (This allows a longer time to respond than would be

22  required if formal service of summons is necessary.) Defendant is asked to read the statement set

23  forth at the bottom of the waiver form that more completely describes the duties of the parties

24  with regard to waiver of service of the summons. If service is waived after the date provided in

25  the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60)**

26  **days** from the date on which the request for waiver was sent or **twenty (20) days** from the date

27  the waiver form is filed, whichever is later.

28      3.    No later than **ninety (90) days** from the date of this order, Defendant shall file a

1  motion for summary judgment or other dispositive motion with respect to the cognizable claims

2  in the complaint.

3             a.      If Defendant elects to file a motion to dismiss on the grounds that Plaintiff

4  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

5  defendant shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

6  F.3d 1108, 1119-20 (9th Cir. 2003).

7             b.      Any motion for summary judgment shall be supported by adequate factual

8  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

9  Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified**

10  **immunity found, if material facts are in dispute.  If Defendant is of the opinion that this**

11  **case cannot be resolved by summary judgment, they shall so inform the Court prior to the**

12  **date the summary judgment motion is due.**

13      4.      All other deadlines shall remain in effect in accordance with the Court's order

14  filed November 8, 2012.  (Docket No. 11.)

15        IT IS SO ORDERED.

16  DATED: 5/16/13

                            Lucy H. Koh

17                             LUCY H. KOH
                           United States District Judge

18

19

20

21

22

23

24

25

26

27

28