IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREGLIA,  )<br>                             )<br>       Plaintiff,           )<br>                             )<br>   v.                        )<br>                             )<br>SCOTT KERNAN, et al.,        )<br>                             )<br>       Defendants.           )<br>_____) | No. C 12-2522 LHK (PR)<br><br>ORDER DIRECTING PLAINTIFF<br>TO PROVIDE COURT WITH<br>NEW INFORMATION FOR<br>DEFENDANT SMITH |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights action under 42 U.S.C. § 1983, against prison officials at Pelican Bay State Prison. ("PBSP"). On September 7, 2012, the Court issued an order of service. (Docket No. 4.) On September 17, 2012, a notice of lawsuit and request for waiver of service of summons was mailed to Defendant Smith at PBSP. (Docket No. 8.) The litigation office technician at PBSP returned the documents sent to Defendant Smith because he was "unable to identify a 'Nurse Smith' as working at Pelican Bay State Prison." (Docket No. 47.) On April 10, 2013, the Court directed Plaintiff to provide more information regarding the whereabouts of Defendant Smith. (Docket No. 49.) Plaintiff filed a response to the Court's order to provide more information. (Docket No. 52.) Plaintiff stated that Defendant Smith is also known as "Mr. E. Smith." He further provided that Defendant Nurse Smith is a licensed vocational nurse ("LVN") who was responsible for passing out medication to inmates on the Third Watch ("3W"), at PBSP-SHU, on September 30, 2011. Based upon the additional information provided by Plaintiff, the Court

issued an order of service to **Defendant Nurse E. Smith, LVN** at PBSP. (Docket No. 53.) On May 31, 2013, PBSP returned the service documents sent by the Court because they were undeliverable. (Docket No. 62.) Defendant Smith remains unserved.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Because Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendant Smith, Plaintiff must remedy the situation or face dismissal of his claims against Defendant Smith without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Plaintiff must file notice and provide the Court with new identification information and an accurate location for Defendant Smith such that the Marshal is able to effect service. **If Plaintiff fails to provide the Court with such information for Defendant Smith within thirty (30) days of the date this order is filed, Plaintiff's claim against this Defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

IT IS SO ORDERED.

DATED: __6/13/13__

_____
LUCY H. KOH
United States District Judge

Order Directing Plaintiff to Provide Court with New Information for Defendant Smith
G:\PRO-SE\LHK\CR.12\Treglia522moreinfo2-smith.wpd2