IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREGLIA,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No. C 12-2522 LHK (PR)<br><br>ORDER OF SERVICE ON<br>DEFENDANT NURSE SMITH |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights action under 42 U.S.C. § 1983. The Court found that Plaintiff stated a cognizable claim of deliberate indifference against Defendant Nurse Smith and issued an order of service. (Docket No. 4.) The Litigation Office Technician at Pelican Bay State Prison ("PBSP") returned a notice of lawsuit and request for waiver of service of summons mailed to Defendant Nurse Smith, because he was "unable to identify a 'Nurse Smith' as working at Pelican Bay State Prison." (Docket No. 47.) In response to a Court order for more information, Plaintiff filed a response which provided that Defendant Nurse Smith is also known as "Mr. E. Smith." He further provided that Defendant Nurse Smith is a licensed vocational nurse ("LVN"). (Docket No. 52.) The Court issued a second order of service on Defendant Smith. (Doc. No. 53.) The documents sent to Defendant Nurse E. Smith, LVN at PBSP were returned as undeliverable without explanation. (Docket No. 62.) Plaintiff has provided the Court with additional information about the identify of Defendant Nurse Smith. (Docket No. 67.)

Order of Service on Defendant Nurse Smith
G:\PRO-SE\LHK\CR.12\Treglia522srv2-smith.wpd

1    Plaintiff provides that Defendant Nurse is identified as "Licensed Vocational (LVN) J.
2 Smith" in a director's level appeal decision. (*See* Docket No. 27, p. 54, attached.) Based upon
3 the additional information provided by Plaintiff for **Defendant Nurse J. Smith**, the Court will
4 issue an order of service upon him.

## CONCLUSION

6    1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
7 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended
8 complaint (docket no. 3), all attachments thereto, the Court's Order dated November 8, 2012
9 (docket no. 11), and this order to **Defendant Nurse J. Smith, LVN** at Pelican Bay State Prison
10 P.O. Box 7000, Crescent City, CA 95531-7000.

11   2.    The Clerk shall also mail a copy of this order to the **Litigation Coordinator** at
12 Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95531-7000, and **Deputy Attorney**
13 **General Michael James Quinn**, at the Attorney General's Office at 455 Golden Gate Avenue,
14 Suite 11000, San Francisco, CA 94102-7004.

15   3.    Defendant Nurse J. Smith, LVN is cautioned that Rule 4 of the Federal Rules of
16 Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons
17 and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by
18 the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, they will be
19 required to bear the cost of such service unless good cause is shown for the failure to sign and
20 return the waiver form. If service is waived, this action will proceed as if Defendant had been
21 served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant
22 will not be required to serve and file an answer before **sixty (60) days** from the date on which
23 the request for waiver was sent. (This allows a longer time to respond than would be required if
24 formal service of summons is necessary.) Defendant is asked to read the statement set forth at
25 the bottom of the waiver form that more completely describes the duties of the parties with
26 regard to waiver of service of the summons. If service is waived after the date provided in the
27 Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days**
28 from the date on which the request for waiver was sent or **twenty (20) days** from the date the

Order of Service on Defendant Nurse Smith
G:\PRO-SE\LHK\CR.12\Treglia522srv2-smith.wpd    2

1 waiver form is filed, whichever is later.

2     4. No later than **ninety (90) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

        a. If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

        b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.</u>**

    5. All other deadlines shall remain in effect in accordance with the Court's order filed November 8, 2012. (Docket No. 11.)

IT IS SO ORDERED.

DATED: 7/25/13

                LUCY H. KOH
                United States District Judge