IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREGLIA,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>  Defendants. | No. C 12-2522 LHK (PR)<br><br>ORDER DENYING MOTIONS TO<br>DISMISS; FURTHER BRIEFING<br><br>(Docket Nos. 16, 31) |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at Pelican Bay State Prison ("PBSP"). The court screened plaintiff's amended complaint and found that plaintiff stated cognizable claims of: (1) retaliation against defendant Warden Greg Lewis ("Warden Lewis") and defendant Undersecretary Scott Kernan ("Undersecretary Kernan"); (2) retaliation and due process against defendants Bumby, James, and Anderson; and (3) deliberate indifference against defendant Nurse Smith.

Warden Lewis has filed a motion to dismiss for failure to state a claim against him, for failure to exhaust, and based on qualified immunity. Plaintiff has filed an opposition, and Warden Lewis has filed a reply. Undersecretary Kernan has also filed a motion to dismiss for failure to state a claim against him, and based on qualified immunity. Plaintiff has filed an opposition. Although directed to do so, Undersecretary Kernan has not filed a reply. For the

reasons stated below, defendants' motions to dismiss are DENIED.

**BACKGROUND**

In the amended complaint, plaintiff stated that on July 1, 2011, several inmates at PBSP began staging a hunger strike to protest the conditions of PBSP's Secured Housing Unit ("SHU"), where plaintiff was being held.  The following day, a memorandum was distributed to the inmates, describing the effects that starvation has on a person, and stating that refusing food was an inmate's right and choice.  On September 26, 2011, plaintiff decided to exercise his right to free speech by joining the hunger strike in an effort to peacefully protest his dissatisfaction with the conditions at PBSP, and the policy of housing inmates long-term in isolation.  The following day, Warden Lewis ordered his officers to distribute a memorandum, authored by Undersecretary Kernan, that stated that the California Department of Corrections and Rehabilitation would not tolerate organized inmate disturbances such as hunger strikes or work stoppages, and that inmates who participated in such activities would receive disciplinary action. Plaintiff alleged that defendants' threat of disciplinary action was an adverse action taken because of his right to free speech.

I.      Motion to Dismiss for Failure to State a Claim

Defendants move to dismiss the amended complaint for failure to state a claim against them.  Specifically, Warden Lewis argues that plaintiff failed to allege a causal connection between Warden Lewis and any alleged violation.  Undersecretary Kernan argues that the distributed memorandum was not a "retaliatory action," and thus, plaintiff has failed to state a claim.

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  The determination of whether the litigant has stated a claim is decided under the same standard used in Rule 12(b)(6) motions to dismiss.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

As an initial matter, defendants' motion seeks to have the court revisit a decision already

made, as the court had decided that the amended complaint did state a claim upon which relief may be granted. On November 8, 2012, the court performed an initial screening of the amended complaint, which required the court to dismiss, among other things, any claims that failed to state a claim upon which relief may be granted. The court determined that, liberally construed, the allegations of the amended complaint adequately pleaded a cognizable First Amendment claim against these defendants.

To seek reconsideration of an interlocutory order, such as the previous order's determination that the amended complaint stated a claim upon which relief may be granted, defendants had to comply with Local Rule 7-9(a). They did not. They did not obtain leave of court to file a motion for reconsideration, and made no argument in their briefs that would suggest that they could pass the test for such permission. *See* N.D. Cal. Civil L.R. 7-9(b). Even without the special requirements for motions to reconsider, a pleading challenge following a Section 1915A screening of a prisoner complaint rarely will be successful, especially in light of the requirement that pro se complaints be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (even after Supreme Court cases heightened the standards for pleading, the court's obligation "remains, 'where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'"). Accordingly, the motion is DENIED.

Alternatively, the court finds the arguments defendants proffer in their motions are not persuasive. A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'"

*Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.* Plaintiff has satisfied this requirement.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Taking plaintiff's allegations as true and liberally construing plaintiff's amended complaint, an inference can be made that Warden Lewis ordered prison officials to distribute a memorandum, written by Undersecretary Kernan, that was intended to prevent the SHU inmates from exercising their right to free speech by participating in a hunger strike. The memorandum threatened disciplinary action if the inmates refused to cease their protest. Liberally construed, plaintiff's allegation proffers enough facts to make his claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Defendants' motions to dismiss for failure to state a claim are DENIED.

II.     Qualified immunity

The court also rejects defendants' argument that they are entitled to qualified immunity. The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of qualified immunity protects "'all but the plainly incompetent or those who knowingly violate the law;'" defendants can have a reasonable, but mistaken, belief about

the facts or about what the law requires in any given situation. *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "Therefore, regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).

In considering whether a defendant is entitled to qualified immunity, the inquiry must focus on the time of the conduct – i.e., whether the officer's acts were reasonable in light of the information he possessed at the time he acted – rather than its aftermath and effect because no officer can observe whether his retaliation has successfully chilled a prisoner's rights until long after deciding to act. *Rhodes v. Robinson*, 408 F.3d 559, 570 (9th Cir. 2005).

Taking plaintiff's facts as true, Warden Lewis gave the instruction to distribute the memorandum written by Undersecretary Kernan in response to the inmates' hunger strike in order to prohibit the inmates from exercising their right to express themselves through peaceful protests. The court concludes that a reasonable officer in defendants' positions could not have believed that his actions were lawful. At this time, defendants' motions to dismiss based on qualified immunity are DENIED without prejudice.

III.    Motion to Dismiss for Failure to Exhaust

Warden Lewis moves to dismiss plaintiff's claim against him for failure to exhaust. Plaintiff responds that he raised his retaliation claim in appeal number PBSP 11-02606, which was cancelled on January 3, 2012 at the Director's level of review before plaintiff's filing of this federal action. Warden Lewis replies that because plaintiff failed to name him in the grievance, much less claim that Warden Lewis retaliated against plaintiff, plaintiff's claim against him should be dismissed for failure to exhaust.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense under the PLRA. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Defendants have

the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Id.* at 215-17. As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. Cal. Code Regs. tit. 15, § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 ("602") and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member, (2) first formal level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR director or designee ("Director's level"). Cal. Code Regs. tit. 15, § 3084.5; *Brodheim v. Cry*, 584 F.3d 1262, 1264-65 (9th Cir. 2009). This satisfies the administrative remedies exhaustion requirement under Section 1997e(a).

Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." *Jones*, 549 U.S. 199 at 217-18. The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Id.* at 218. In California, the regulation requires the prisoner "to lodge his administrative complaint on CDC form 602 and 'to describe the problem and action requested.'" *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (quoting Cal. Code Regs. tit. 15 § 3084.2(a)). In *Jones*, the Supreme Court stated that the "name all defendants" requirement under the Sixth Circuit rule may promote early notice to those who might later be sued, but that has not been

thought to be one of the leading purposes of the exhaustion requirement. *Jones*, 549 U.S. at 219 (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation.")). The Supreme Court did not determine whether the grievances filed by petitioners satisfied the requirement of "proper exhaustion," but concluded that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances. *Jones*, 549 U.S. at 219 (citation omitted).

Here, in PBSP 11-02606, plaintiff stated that the subject of his appeal was "retaliation through disciplinary action." (Pl. Decl., Ex. 3.) Plaintiff described that he was exercising his right to free speech by refusing his food, and Undersecretary Kernan authored a memo that threatened disciplinary action if plaintiff continued to do so. (*Id.*) Plaintiff raised due process issues as well. Plaintiff's appeal was granted with respect to the due process claims at the second level of review, but plaintiff's appeal of his retaliation claim was denied as "beyond the scope of this review." (*Id.*) Plaintiff appealed the denial of his retaliation claim to the Director's level of review, and the appeal was cancelled on January 15, 2012 (*id.*), because the "issue under appeal [had] been resolved" (Lozano Decl., Ex. A.).

That plaintiff failed to name Warden Lewis in his grievance does not equate to a failure to properly exhaust. Plaintiff's grievance sufficiently "alert[ed] the prison to the nature of the wrong for which redress [was] sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Plaintiff properly complied with the prison grievance procedure, and PBSP 11-02606, liberally construed, had the same subject and same request for relief as that alleged in plaintiff's amended complaint. Once the response at the Director's level of review concluded that the issue had been resolved, the implication was that plaintiff had received all the relief he could obtain from the administrative appeal procedure.

Warden Lewis has not satisfied his burden of proving the absence of exhaustion. *Jones*, 549 U.S. at 215-17. Specifically, Warden Lewis has not demonstrated that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief

already granted as a result of that process. *See Brown*, 422 F.3d at 936-37.

Accordingly, Warden Lewis' motion to dismiss for failure to exhaust is DENIED.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Defendant Warden Lewis' motion to dismiss is DENIED. Defendant Undersecretary Kernan's motion to dismiss is DENIED.

2. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment with respect to the cognizable claims in the amended complaint.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

1        6.      All communications by the plaintiff with the court must be served on defendants'
2 counsel, by mailing a true copy of the document to defendants' counsel.
3        7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
4 No further court order is required before the parties may conduct discovery.
5        8.      It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
6 and all parties informed of any change of address and must comply with the court's orders in a
7 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
8 pursuant to Federal Rule of Civil Procedure 41(b).
9        This order terminates docket numbers 16 and 31.
10        IT IS SO ORDERED.

11 DATED: 8/15/13

12                                                LUCY H. KOH
                                                United States District Judge