IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREGLIA,<br><br>    Plaintiff,<br><br> v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No. C 12-2522 LHK (PR)<br><br>ORDER DISMISSING CLAIMS AGAINST DEFENDANT NURSE SMITH; DENYING MOTION FOR ORDER DIRECTING DEFENDANT LEWIS TO PROVIDE HOME ADDRESS OF DEFENDANT NURSE SMITH<br><br>(Docket No. 67) |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights action under 42 U.S.C. § 1983.  The court found that plaintiff stated a cognizable claim of deliberate indifference against defendant Nurse Smith and issued an order of service.  (Docket No. 4.)  The Litigation Office Technician at Pelican Bay State Prison ("PBSP") returned the notice of lawsuit and request for waiver of service of summons mailed to defendant Nurse Smith, because he was "unable to identify a 'Nurse Smith' as working at Pelican Bay State Prison."  (Docket No. 47.)  In response to a court order for more information, plaintiff filed a response which provided that defendant Nurse Smith is also known as "Mr. E. Smith."  He further provided that defendant Nurse Smith is a licensed vocational nurse ("LVN").  (Docket No. 52.)  The court issued a second order of service on defendant Nurse Smith which included the additional information.  (Docket No. 53.)  The documents sent to defendant Nurse Smith were returned as undeliverable.  (Docket No. 62.)  On June 28, 2013, plaintiff provided the court with

1  additional information about the identify of defendant Nurse Smith.[1]  On July 26, 2013, the court
2  issued a third order of service on defendant Nurse Smith including the additional information
3  provided by plaintiff.  (Docket No. 70.)  On August 19, 2013, the Litigation Office Technician at
4  PBSP returned the documents to the court a third time with a letter indicating that he was
5  "unable to identify a 'Nurse J. Smith' as ever working at Pelican Bay State Prison."  (Docket No.
6  75.)  Defendant Nurse Smith has not been served.

7  Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on
8  service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such
9  service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate
10  defendant and attempt to remedy any apparent defects of which [he] has knowledge."  *Rochon v.*
11  *Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

12  Here, plaintiff's complaint has been pending for over 120 days, and he has failed to show
13  "good cause," as to why his claims against this defendant should not be dismissed.  *See* Fed. R.
14  Civ. P. 4(m).  This court has attempted to serve defendant Nurse Smith on three occasions
15  utilizing the information provided by plaintiff.  All three attempts have failed.  Plaintiff was
16  advised that failure to provide the court with an accurate and current address for defendant Nurse
17  Smith would result in the claims against defendant Nurse Smith being dismissed pursuant to
18  Rule 4(m) of the Federal Rules of Civil Procedure.  Plaintiff has not provided sufficient
19  information to allow the Marshal to locate and serve defendant Nurse Smith.  Consequently,
20  plaintiff's claims against defendant Nurse Smith are **DISMISSED** without prejudice.

21  This order terminates docket number 67.

22  IT IS SO ORDERED.

23  DATED: 10/21/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[1] Plaintiff requests this court to order defendant Lewis to provide the home address of defendant Nurse Smith.  (Docket No. 67.)  The Litigation Office Technician has already stated that PBSP cannot identify a Nurse Smith as having ever worked at PBSP.  Plaintiff's motion is **DENIED**.

Order Dismissing Claims against Defendant Nurse Smith
G:\PRO-SE\LHK\CR.12\Treglia522dism-smith.wpd        2