IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREGLIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendants. | No. C 12-2522 LHK (PR)<br><br>ORDER GRANTING MOTION TO AMEND; DENYIING REMAINING MOTIONS AS MOOT; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights action under 42 U.S.C. § 1983, against prison officials. On November 8, 2012, the court served plaintiff's amended complaint on named defendants. All defendants had been served except for defendant Nurse Smith. Plaintiff has now filed a motion to amend his amended complaint, and attached a proposed second amended complaint. (Doc. Nos. 85, 86.) Defendants have filed a notice that they do not oppose the amendment, but request that all deadlines for dispositive motions be continued until any new defendants are served. The court GRANTS plaintiff's motion to file a second amended complaint. The clerk shall FILE plaintiff's second amended complaint.[1] For the reasons stated below, the court serves one defendant, and directs all

---

[1] "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Because plaintiff's second amended

1   defendants to file a dispositive motion or notice regarding such motion.

## DISCUSSION

A.   <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

B.   <u>Legal Claims</u>

Plaintiff is an inmate, currently housed in the Secured Housing Unit ("SHU") at Pelican Bay State Prison ("PBSP"). On July 1, 2011, several inmates at PBSP began staging a hunger strike to protest the conditions of PBSP SHU. Soon thereafter, a memorandum was distributed to the inmates, describing the effects that starvation has on a person, and stating that refusing food was an inmate's right and choice.

On September 26, 2011, plaintiff decided to join the hunger strike in an effort to peacefully protest his dissatisfaction with the conditions at PBSP, and exercise his right to free speech. The following day, defendant Lewis ordered officers to distribute a memo, authored by defendant Scott Kernan, that stated that the California Department of Corrections and Rehabilitation would not tolerate organized inmate disturbances such as hunger strikes or work stoppages, and that inmates who participated in such activities would receive disciplinary action. Plaintiff alleges that defendants' threat of disciplinary action was an adverse action taken

---

complaint supercedes his previous complaints, defendants' motion for summary judgment is DISMISSED without prejudice. (Doc. No. 65.) Because plaintiff does not name defendant Nurse Smith in his second amended complaint, plaintiff's motions regarding the location of unserved defendant Nurse Smith are DENIED as moot. (Doc. Nos. 79, 80.) Defendants' motion for extension of time to file a dispositive motion is DENIED as moot. (Doc. No. 82.)

because of his right to free speech, i.e., a protected conduct.  Liberally construed, plaintiff states a cognizable claim of retaliation against defendants Lewis and Kernan.

Plaintiff also asserts a claim of deliberate indifference to his serious medical needs against defendant Correctional Officer R. Robinson.  On September 30, 2011, after plaintiff had been participating in the hunger strike for five days, his hunger pangs were getting worse.  Plaintiff told defendant Correctional Officer Bumby about his pain, and Correctional Officer Bumby informed plaintiff that he would let the medical staff know.  Later that night, plaintiff began dry-heaving and spitting up yellowish fluid.  Inmate Garza, plaintiff's neighbor, told LVN Smith that plaintiff was spitting up.  Neither Correctional Officer Bumby, who was escorting LVN Smith at the time, nor LVN Smith replied.  Inmate Miranda, another inmate close-by, asked Correctional Officer Robinson and LVN Smith to help plaintiff, but they did not do so.  Plaintiff submitted a sick call slip that night, but it was ignored.  Plaintiff alleges that Correctional Officer Robinson exhibited deliberate indifference to his serious medical needs.  Plaintiff claims that he had a serious medical need, and, liberally construing plaintiff's complaint, Correctional Officer R. Robinson knew that plaintiff faced a substantial risk of harm but disregarded that risk.  Liberally construed, plaintiff states a cognizable claim of deliberate indifference.  The court exercises supplemental jurisdiction over the related state law claim.

Finally, plaintiff claims that defendants Bumby, James, and Anderson retaliated against him, and violated plaintiff's due process rights by creating a false disciplinary report, and finding him guilty at a disciplinary hearing.  Plaintiff asserts that the guilty finding, based on the false report, resulted in 90 days loss of credits.  Plaintiff has since had his credits restored and disciplinary sanctions expunged.  Liberally construed, plaintiff states cognizable claims of retaliation and due process against defendants Bumby, James, and Anderson.

## CONCLUSION

1.      The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint and all attachments thereto (docket no. 86), and a copy of this order to

1 **Correctional Officer R. Robinson** at **Pelican Bay State Prison.** The remaining defendants
2 have already been served. The Clerk of the court shall also mail a courtesy copy of this order to
3 Deputy Attorney General Michael James Quinn at the California Attorney General's Office.
4 Additionally, the Clerk shall mail a copy of this order to plaintiff.

5     2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
6 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
7 Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on
8 behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear
9 the cost of such service unless good cause is shown for their failure to sign and return the waiver
10 form. If service is waived, this action will proceed as if defendants had been served on the date
11 that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required
12 to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
13 was sent. (This allows a longer time to respond than would be required if formal service of
14 summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the
15 waiver form that more completely describes the duties of the parties with regard to waiver of
16 service of the summons. If service is waived after the date provided in the Notice but before
17 defendants have been personally served, the Answer shall be due **sixty (60) days** from the date
18 on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is
19 filed, whichever is later.

20     3. No later than **ninety (90) days** from the date of this order, defendants shall file a
21 motion for summary judgment or other dispositive motion with respect to the cognizable claims
22 in the complaint.

23     a. If defendants elect to file a motion to dismiss on the grounds that plaintiff
24 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
25 defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
26 F.3d 1108, 1119-20 (9th Cir. 2003).

27     b. Any motion for summary judgment shall be supported by adequate factual
28

1  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
2  Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**
3  **qualified immunity found, if material facts are in dispute.  If defendants are of the opinion**
4  **that this case cannot be resolved by summary judgment, they shall so inform the court**
5  **prior to the date the summary judgment motion is due.**

6  　　　　4.　　Plaintiff's opposition to the dispositive motion shall be filed with the court and
7  served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is
8  filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex*
9  *Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come
10 forward with evidence showing triable issues of material fact on every essential element of his
11 claim).

12 　　　　5.　　Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's
13 opposition is filed.

14 　　　　6.　　The motion shall be deemed submitted as of the date the reply brief is due.  No
15 hearing will be held on the motion unless the court so orders at a later date.

16 　　　　7.　　All communications by the plaintiff with the court must be served on defendants'
17 counsel, by mailing a true copy of the document to defendants' counsel.

18 　　　　8.　　Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
19 No further Court order is required before the parties may conduct discovery.

20 　　　　9.　　It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
21 and all parties informed of any change of address and must comply with the court's orders in a
22 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
23 pursuant to Federal Rule of Civil Procedure 41(b).

24 　　　　This order terminates docket numbers 65, 79, 80, 82, and 85.

25 　　　　IT IS SO ORDERED.
26 DATED:  2/9/14

　　　　　　　　　　　　　　　　　　　　　　LUCY H. KOH
27 　　　　　　　　　　　　　　　　　　　　　　United States District Judge
28