IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREGLIA,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No. C 12-2522 LHK (PR)<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION; DENYING MOTION FOR PRO SE SETTLEMENT CONFERENCE<br><br>(Docket Nos. 88, 89.) |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials.  In its order of service, the court dismissed several defendants with leave to amend, and ordered service upon defendants Lewis, Kernan, Robinson, Bumby, James, and Anderson.  Defendants' dispositive motion is currently due on or before May 12, 2014.

Plaintiff has filed a motion requesting the court to "stop defendants' retaliation."  The court construes the motion as a motion for preliminary injunction.  So construed, plaintiff's motion is DENIED.  "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

*Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

In plaintiff's motion, he states that defendants are revalidating plaintiff in retaliation for this pending lawsuit. However, plaintiff has failed to specifically identify the prison officials responsible for the current revalidation, or subsequent rules violation report. Plaintiff's exhibits, attached to his motion, do not appear to include any named defendant in this underlying action. Absent such a showing, the court may not grant plaintiff's motion. *See In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996) (recognizing that a court can only enjoin those it has personal jurisdiction over, and acknowledging that a court should not issue an injunction that it cannot enforce).

Further, even if plaintiff had made a clear showing that the prison officials who are revalidating him and writing rules violation reports are in active concert with defendants, plaintiff has failed to show a likelihood of success on the merits or that he is likely to suffer irreparable harm in the absence of preliminary relief. *See Winter*, 555 U.S. at 20. In order to succeed on a claim of retaliation, plaintiff must allege that: (1) a "state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). At this time, a review of the evidence submitted does not show that plaintiff is likely to succeed on the merits. Based on the above, plaintiff has not sufficiently satisfied the *Winter* factors to warrant the extraordinary remedy of an injunction. In addition, plaintiff does not argue that he is likely to suffer irreparable harm without a preliminary injunction. Accordingly, plaintiff's motion for a preliminary injunction is DENIED without prejudice.

At this time, plaintiff's motion to send this case to a pro se settlement conference is also DENIED without prejudice.

IT IS SO ORDERED.

DATED:   5/12/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge